

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-4179
Re: Sections 1 and 2 of S. B. 469,
47th Legislature of Texas, are
constitutional and Section 3
of said act is unconstitutional.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I enclose a copy of your opinion (No.
O-3722), as above, which was addressed to Mr.
I. Predecki, County Auditor of Galveston County,
Texas, wherein you held that the additional
compensation provided to the County Clerk and
the County Judge, in Sec. 3 of the act, is
unconstitutional and that the County Auditor
would have no authority to sign or approve
warrants for the additional compensation.

"Honorable E. B. Holman, County Judge of
Galveston County, Texas, today requested me to
write you, asking a further opinion on this
subject, as to whether, if you have held Sec. 3
unconstitutional, the balance of the act stands,
in view of the fact that there is no saving
clause in the act providing that if any Section
of the Act is held unconstitutional that the
balance shall be effective." (Bracket insertion
ours)

You have a copy of opinion No. O-3722 of this department which holds as indicated in your letter. S. B. 469, 47th Legislature, is set out in said opinion and we deem it unnecessary to set same out in this opinion.

We quote from opinion No. O-3722, as follows:

"Section 22 of Article 5 of our State Con-
stitution, grants authority to the legislature
to increase, diminish or change the civil and
criminal jurisdiction of county courts by either
local or general law. Sections 1 and 2 of the
above quoted act are therefore valid.

"However, Section 3 of the act providing
additional compensation for the County Clerk
and County Judge, and providing for the appoint-
ment of an additional deputy clerk and the pay-
ment of a salary to such deputy, is clearly un-
constitutional as a local or special law attempt-
ing to regulate the affairs of a county, and
where a general law can be made applicable.
Almost the identical procedure was condemned in
the case of Duclos vs. Harris County, 251 S. W.
569, affirmed by Supreme Court in 263 S. W. 562.
Also see the cases of Altgelt vs. Gutzeit, 187
S. W. 222, affirmed by Supreme Court in 201
S. W. 400; Ward vs. Harris County, 209 S. W.
794; and the recent case of Miller et al vs. El
Paso County, 150 S. W. (2d) 1000, (Supreme Court
of Texas--Opinion delivered by Chief Justice
Alexander)." (Underscoring ours)

Sections 55 and 56, Constitutional Law, Vol. 9, pp.
472, 473 and 474, Texas Jurisprudence, read as follows:

"§ 55. Generally - A legislative enact-
ment may be unconstitutional and therefore in-
valid as to some of its provisions, and valid
as to others. Indeed, it is elementary law
that a statute will always be sustained as to
portions which are not unconstitutional, unless
the unconstitutional portions and the consti-
tutional portions are so intermingled that they
cannot be severed. The constitutional and un-
constitutional provisions may even be contained
in the same section, and yet be perfectly dis-
tinct and separable, so that the first may
stand though the last fall. The point is, not
whether they are contained in the same section,
for the distribution into sections is purely
artificial, but whether they are essentially
and inseparably connected in substance. If
the two parts can be possibly separated, the
court should do so, and not permit the invalid
part to destroy the whole law.

"Where an act held unconstitutional contains a provision for the repeal of prior laws, such provision is also unconstitutional. If the statute in question operated as an amendment of an earlier law, the effect of holding it to be unconstitutional is to leave the original enactment in full force and effect.

"§ 58. Severability of Parts of Act - As to whether constitutional parts of the statute must be held to be invalid or inoperative because of consociation is dependent upon the object of the law, and the manner and extent to which the unconstitutional portion affects the remainder. It is said that the court may not declare the whole to be invalid unless all the provisions are connected in subject matter, dependent on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed that the legislature would have passed the one without the other.

"'It is a well-settled rule that, if the several provisions of a legislative act are so mutually connected with and dependent on each other as conditions, consideration, or compensation for each other as to warrant the belief that the Legislature intended them as a whole, and would not have enacted one or more of them if the others could not be joined and carried into effect, then all the provisions must fall.'

"On the other hand, if the unconstitutional portion of the statute is stricken out, and that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which is rejected, it must be sustained."

It is our opinion that Sections 1 and 2 of the act are clearly severable and constitutional.

It is our further opinion that the partial unconstitutionality of the act (to wit, Section 3, as pointed out

Honorable Charles H. Theobald, Page 4

in opinion No. 0-3722) will not affect the other sections of the act.

NOV 13, 1941

ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN